Michael P. Studebaker, #10027 of
STUDEBAKER LAW OFFICE, L.L.C.
Attorney for Plaintiff
2550 Washington Blvd., Ste 331
Ogden, UT 84401
Telephone 801-627-9100
Fax 801-728-0827
Email: mike@studebakerlaw.com
Email: michaelreason@gmail.com

---

IN THE UNITED STATES DISTRICT COURT
IN AND FOR DISTRICT OF UTAH, NORTHERN DIVISION

---

| | | |
|---|---|---|
| SHELLEY DRESCHER,<br>Plaintiff | : | COMPLAINT |
| | : | Case No.________________ |
| | : | Judge:______________________ |
| Vs. | : | |
| | : | |
| CLINTON CITY, a municipality, CLINTON FIRE DEPARTMENT, DAVID OLSEN, JASON POULSON, FLOYD PETERSEN, & JUSTIN BENAVIDES,<br>Defendants | :<br>:<br>: | **JURY REQUESTED** |

---

**COMES NOW**, Shelley Drescher, Plaintiff in the above matter, by and through her attorneys of record, and complains against Defendants as follows:

## JURISDICTION AND VENUE

1. This is a suit to obtain relief for sex and gender discrimination. This matter also relates to illegal retaliation by Defendants. Plaintiff seeks to recover damages for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000(e) *et seq*. Venue is proper under 28 U.S.C. §1391, as the events in question occurred in this judicial district.

## PARTIES

3. Plaintiff is a resident of Davis County, State of Utah, and was at all times complained of herein.

4. Defendant, Clinton City, is a municipality located in Davis County, Utah.

5. Defendant, Clinton City Fire Department, is a governmental entity of Clinton City, located in Davis County, Utah.

6. Defendants David Olsen, Jason Poulson, Floyd Petersen, and Justin Benavides are individuals that, upon information and belief, reside in Davis County, Utah.

## ADMINISTRATIVE REMEDIES

7. Plaintiff adopts by reference paragraphs 1-6 herein.

8. Ms. Drescher filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the acts of discrimination of which she complains.

9. The EEOC issued a Notice of Right to Sue with respect to Ms. Dreshcer's Charge of Discrimination on or about January 27, 2015.

10. Ms. Drescher initiated this action within 90 days of receiving her Notice of Right to Sue.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

12. Plaintiff adopts by reference paragraphs 1-11 herein.

13. From January 2008 to February 2013, and at all times material, Plaintiff was an employee of Clinton City Fire Department.

14. During the course of her employment with Clinton City Fire Department, Plaintiff was repeatedly denied promotion to full-time employment primarily, if not solely, as a result of her gender.

15. In each instance where Plaintiff sought full-time employment, senior members of the department interfered with her attempts.

16. Plaintiff was also subjected to repeated sexual harassment by both her superiors and fellow co-workers. Plaintiff reported the incidents of sexual harassment and no less than four (4) promotion denials to a trusted superior, Assistant Fire Chief Guido Smith and even filed a formal complaint with the city manager.

17. Despite her complaints, no remedial actions were taken, and Plaintiff was subsequently retaliated against as a result of her complaints.

18. In her first attempt to apply for a full-time firefighter position, Plaintiff was told by then Fire Chief Floyd Peterson that she could not apply because she was married to another firefighter in the department.

19. In reliance upon Chief Peterson's false statement, Plaintiff withdrew her application.

20. In her second attempt to apply for a full-time firefighter position, Plaintiff learned from her husband and fellow firefighter, Brady Drescher, that Chief Peterson intended to tamper with the applicant test scores and place Plaintiff last on the scoring list because of her marital status.

21. When Plaintiff confronted Chief Peterson about the matter, he told her that it did not matter how high she scored and that she would be ranked last on the testing scores list.

22. When the results were posted, Plaintiff was ranked last, just as Chief Peterson had told her.

23. Plaintiff then asked Chief Peterson to see her scores, and was denied access even though all of

the other testing candidates were permitted to do so.

24. In her third attempt to apply for a full-time firefighter position, Plaintiff was the only candidate remaining on the previous applicant list that was willing to accept the full-time position.

25. Plaintiff had just returned from maternity leave and made known to Chief Peterson that she wanted the position.

26. Rather than contact Plaintiff about the position, Chief Jason Poulson reopened the position to new applicants and eventually offered the full-time position to a male applicant named Jason Hastings.

27. Mr. Hastings was not only less experienced than Plaintiff, but also had fewer certifications.

28. In her fourth attempt to apply for a full-time firefighter position, Plaintiff was once again denied.

29. Plaintiff learned from Captain Don McFarland that the interview panel had already guaranteed the position to another candidate named Brad Jensen regardless of his test scores, and that he simply had to complete the necessary paperwork to get the job.

30. Like Mr. Hastings, Mr. Jensen also had less experience than Plaintiff and fewer certifications.

31. Furthermore, the original hiring requirements called for at least one year of experience working for the Clinton City Fire Department and an ADO pumper certification – neither of which Mr. Jensen had. As a result, Chief Olsen personally changed these hiring requirements so that Mr. Jensen would qualify.

32. It was also during Plaintiff's fourth attempt to apply for the full-time firefighter position that she learned that Deputy Chief Benavides and others had lowered her original testing scores and raised the scores of competing candidates.

33. Chief Benavides personally admitted this to Plaintiff, and when pressed further, stated that he

and others adjusted Plaintiff's test scores to ensure that the other candidates scored higher by a comfortable margin for the alleged purpose of making the other candidates "look better."

34. Plaintiff's test scores were further impacted by EMS skills evaluators Tyler Livingston and Nick Jarvis who instructed Plaintiff to skip certain steps in the EMS skills test, only to subsequently penalize her for doing so. The consequence of both the actions of Chief Benavides and the EMS skills evaluators was that Plaintiff ended up with the lowest score of all of the applicants and was therefore once again passed over for the department's full-time firefighter position.

35. In addition to the above-described instances of apparent gender discrimination, Plaintiff was also subjected to multiple instances of sexual harassment that were wholly ignored by the department even though Plaintiff filed formal complaints with both the department head and with the city manager.

36. Instead, Plaintiff's reporting of the incidents of sexual harassment she experienced ultimately worsened an already hostile work environment, and even led to further acts of sexual harassment.

37. During Plaintiff's employment at Clinton City Fire Department, two of Plaintiff's co-workers, Captain Justin Benavides and Nick Jarvis routinely made crude remarks and sex jokes in front of her. They would often talk about their sexual fantasies involving female patients and discuss incidents in which they tried to look down the shirts of female patients.

38. Captain Don McFarland would hang pictures of women in lingerie in the department dayroom and only removed them after Plaintiff commented on them.

39. The Clinton City Fire Department itself even had a subscription to Maxim magazine – a magazine depicting scantily clad sexualized women. These magazines were routinely left lying around the department in plain sight.

40. The department's male employees would routinely walk into the women's bathroom and locker room while Plaintiff was showering and changing her clothes. They would even use the women's bathroom and locker room themselves to shower and change.

41. On a virtual daily basis male personnel would walk around the department in nothing but their underwear, and on some occasions, completely naked.

42. During a sexual harassment seminar that was being conducted by Deputy Chief Benavides, rather than reviewing the material and cautioning department employees on the types of behavior that were unacceptable, Mr. Benavides proceeded to tell a number of crude sex jokes, and said that conduct constituting sexual harassment was okay so long as the Chiefs did not catch them doing it.

46. Due to Clinton City Fire Department's above-described intentional and/or negligent actions, and the actions of its employees, Plaintiff suffered damages, including but not limited to, lost wages, future wages, benefits, pain, suffering, and mental anguish as a result of which she has sought medical treatment for depression and anxiety.

**COUNT I**
**(Title VII-Sex Discrimination)**

47. Plaintiff adopts by reference paragraphs 1-26 herein.

48. During Plaintiff's employment as outlined she experienced severe and pervasive harassment, based on her sex, which affected her employment.

49. Plaintiff suffered a tangible job action as a result of the harassment she experienced.

50. Plaintiff complained to Defendants about the harassment she experienced. No action was taken on her complaints and the situation was not remedied.

51. The actions complained of herein were ongoing, even after they had been reported by Plaintiff.

52. Defendants are liable for the sexually hostile work environment and discrimination which Plaintiff has experienced.

53. The actions taken against Plaintiff were solely based on her gender.

54. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering and extreme and severe mental anguish and emotional distress.

55. Further, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

56. As a further, direct and proximate result of Defendant's actions as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment relationship, and thereby incurred and will continue to incur legal fees and costs.

57. On information and belief, the outrageous conduct of Defendants as described above was done with malice, fraud and oppression; with conscious disregard for her rights; and with the intent, design and purpose of injuring her.

58. Defendants engaged in unlawful intentional employment discrimination by repeatedly denying Plaintiff promotion, intentionally interfering with her attempts to gain promotion, and sexually harassing Plaintiff during the course of her employment on the basis of her gender.

## COUNT II
## (Retaliation)

59. Plaintiff adopts by reference paragraphs 1-58 herein.

60. During the course of her employment Plaintiff made repeated attempts to apply for promotion. Plaintiff also complained to Defendants about acts of sexual harassment which occurred during her

employment.

61. Defendants retaliated against Plaintiff by repeatedly denying her promotion, interfering with her attempts at applying for promotion, continuing to engage in acts of sexual harassment, and by ultimately terminating her employment in February 2013.

62. As a result of Defendants' conduct Plaintiff suffered damages.

63. Defendants' unlawful acts were done with malice or reckless indifference to Plaintiff's rights and as such she is also entitled to punitive damages.

**WHEREFORE**, Plaintiff prays this Court:

A. Exercise original jurisdiction in this matter;

B. Set this matter for a jury trial;

C. Award compensatory and punitive damages; pre and post judgment interest; front pay; back pay; fringe benefits; reasonable attorney's fees and costs; and

D. For such other and further relief as this Court deems necessary.

DATED this the 17th day of February, 2015.

/s/ Michael P. Studebaker
Attorney for Plaintiff