IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| SHELLEY DRESCHER,<br><br>                Plaintiff,<br>vs.<br><br>CLINTON CITY et al.,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  1:15CV32 DAK |

This matter is before the court on Defendants Clinton City, Clinton Fire Department, David Olsen, Jason Poulson, Floyd Petersen, and Justin Benavides' ("Defendants") Motion to Dismiss Retaliation and Sexual Harassment Claims.  A hearing on the motions was held on September 30, 2015.  At the hearing, Plaintiff Shelley Drescher was represented by Michael P. Studebaker.  Defendants were represented by Brian A. Mills.  Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to this motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

BACKGROUND

Shelley Drescher was hired as a part-time/on call firefighter by the Clinton City Fire Department in January of 2008.  On February 19, 2013, her employment with the Fire Department was terminated.  On October 7, 2013, Ms. Drescher filed a Charge of

Discrimination (the "Charge") with the Utah Antidiscrimination and Labor Division (UALD).  In her Charge, Shelley Drescher checked the box for discrimination based on "sex."  She did not check the box for "retaliation."  In the section stating "the particulars are," Plaintiff stated only that, "I believe that I have been discriminated against on the basis of my sex/female in violation of Title VII of the Civil Rights Act of 1964, as amended.   Similarly situated males were not treated as I was treated and they were given opportunities and favorable treatment to be successful in their careers."

Defendants have moved for dismissal of Plaintiff's claims of sexual harassment and retaliation because she failed to include any allegations of sexual harassment or retaliation in her Charge and therefore, they claim, she failed to exhaust her administrative remedies prior to filing suit.  Moreover, according to Defendants, the time to file such charges has passed, pursuant to 42 U.S.C. 2000e-5(e)(1), and, they argue, Plaintiff's claims for sexual harassment and retaliation should therefore be dismissed with prejudice.

Plaintiff counters that her claims of sexual harassment and retaliation are reasonably related to the claims made in her Charge, but, even if they are not, her claims of sexual harassment and retaliation were detailed in her original EEOC Intake Questionnaire and are further supported by the detailed addendum that she submitted to the EEOC soon after she completed her Intake Questionnaire.   Therefore, she contends, the court should deny Defendants' motion to dismiss these claims.

**DISCUSSION**

Title VII requires each discrete act of discrimination to be described in, and the subject of, a timely filed charge. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *see also Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1184 (10th Cir. 2003) ("a claimant must file a charge of discrimination within the appropriate limitations period as to each such discrete act of discrimination that occurred"). Each discrete incident of discriminatory or retaliatory conduct by an employer constitutes its own "unlawful employment practice" for which administrative remedies must be exhausted. *Nat'l R.R. Passenger Corp,.* 536 U.S. at 110-113. That is, a plaintiff can bring a lawsuit for only those "unlawful employment practices" described in his or her administrative Charge. *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1166 (10th Cir. 2007). Here, Plaintiff did not describe any allegations of sexual harassment or retaliation in her Charge.

Therefore, the issue in this case is whether Plaintiff's Intake Questionnaire and six-page addendum may be considered to be part of her Charge. While neither party addressed the case of *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008), it appears to provide the framework for analyzing this question. In *Holowecki*, the plaintiff had originally provided an Intake Questionnaire, which contained all the information required by 29 C.F.R. § 1626.8.[1] The

---

[1] 29 C.F.R. § 1626.8 lists the required contents of a charge of Age Discrimination under the Age Discrimination in Employment Act. There is no material difference, however, between the required contents of an ADEA charge and a Title VII charge. *Compare* 29 C.F.R. § 1626.8 *with* 29 C.F.R. § 1601.12, which is discussed below.

plaintiff had also included a detailed six-page affidavit that outlined the alleged discrimination. *Id*. at 396.  The affidavit included a request that the agency "[p]lease force [the defendant] to end their age discrimination plan so we can finish out our careers absent the unfairness and hostile work environment created with their application of Best Practice/High-Velocity Culture Change." *Id*. at 405.

The Supreme Court found that this filing was sufficient to constitute a charge because, from the standpoint of an objective observer, it could be construed as a request for the agency to activate its remedial process.  *Id*. at 402.   The Court also outlined the general policy principles which Congress intended courts to use when determining whether a filing should constitute a charge.  "Documents filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies.  Construing ambiguities against the drafter may be the more efficient rule to encourage precise expression in other contexts; here, however, the rule would undermine the remedial scheme Congress adopted."  *Id*. at 406.

The Court held that a document constitutes a charge if it (i) provides the minimum information the regulations require, and (ii) can "be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and employee."  *Id*. at 402.  The Court explained that these requirements would allow the EEOC to fulfill its dual role of "enforcing antidiscrimination laws and disseminating information about those laws to the public." *Id*. at 400.

Prior to the *Holowecki* decision, the Tenth Circuit Court of Appeals had applied a similar standard.  *See Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir.2007).  In *Jones*, the Tenth Circuit had determined that a document filed with the EEOC constitutes a charge where: (i) the document satisfies the requirements of § 1601.12; (ii) the evidence demonstrated that the complainant sought to activate the EEOC's administrative process; and (iii) the EEOC treated the document as a charge.  *See Jones*, 502 F.3d at 1183.  Thus, the *Holowecki* decision clarified that a court should evaluate whether a filing constitutes a complainant's request for remedial action from an objective viewpoint only.  *See Holowecki*, 552 U.S. at 402 ("[T]he filing must be examined from the standpoint of an objective observer to determine whether, by a reasonable construction of its terms, the filer requests the agency to activate its machinery and remedial processes.").  In addition, *Holowecki* instructed that there is no requirement of evidence that the EEOC actually treated a filing as a charge to construe that document as such.  *See id*. at 404.  Instead, the EEOC's subsequent conduct merely informs a court's determination regarding whether the document could reasonably be construed as a request for agency action. *See Semsroth v. City of Wichita*, 2008 WL 5328466 (10th Cir. Dec. 22, 2008) (applying *Holowecki* standard in a Title VII case to determine whether plaintiffs' EEOC intake questionnaires qualified as charge documents).

With the *Holowecki* standard in mind, the court must determine in this case whether Plaintiff's Intake Questionnaire and addendum can be considered a Charge.   EEOC regulations state that a charge under Title VII

5

should contain:

(1) The full name, address and telephone number of the person making the charge except as provided in § 1601.7;

(2) The full name and address of the person against whom the charge is made, if known (hereinafter referred to as the respondent);

(3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices: *See* § 1601.15(b);

(4) If known, the approximate number of employees of the respondent employer or the approximate number of members of the respondent labor organization, as the case may be; and

(5) A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State or local agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency.

29 C.F.R. §1601.12(a). The regulations further state that "[a] charge shall be in writing and signed and shall be verified. 29 C.F.R. § 1601.9.

When taken as a whole, Plaintiff's filings with the EEOC on approximately March 27, 2013, can reasonably be construed to be a request for agency action and therefore a Charge. Plaintiff's Intake Questionnaire contained all of the information required by 29 C.F.R. §1601.12(a). In addition, the Intake Questionnaire filled out by Plaintiff requested that the

6

complainant to attach additional sheets if needed to describe what she believed was discriminatory and why.   Plaintiff sent a six-page addendum, describing her situation in detail. In addition to her allegations of gender discrimination, she described in multiple places throughout the addendum her allegations of retaliation, and she provided significant detail regarding what she perceived to be sexual harassment.  Among other things, she stated that two of the fire fighters

> constantly made sexual jokes . . . that were so crude it made me very uncomfortable.  My discomfort with their jokes and comments increased as time went on especially when they would talk about our patients and how they were trying to look down the female patients['] shirts or even how they wished the patients['] injuries required them to cut the female patients['] clothing off so they could get a better look at her.  It got so bad that for a few of my shifts when I knew I was scheduled to work with both of them . . . I would try and trade the shift[,] and if I couldn't trade it[,] I would call in because I just couldn't deal with how bad they treated me anymore.[2]

The allegations in this case are of such a nature that it is reasonable to construe it as a request for agency action.  Moreover, the Intake Questionnaire specifically states:

> Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire.  If you would like to file a charge of job discrimination, you must do so within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces law similar to the EEOC's laws.  If you do not file a charge of discrimination within the time limits, you will lose your rights.  If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1.  If you want to file a charge, you should check Box 2.

---

[2]  Docket No. 24-3.

Box 1   ☐   I want to talk to an EEOC employee before deciding whether to file a charge.  I understand that by checking this box, I have not filed a charge with the EEOC.  I also understand that I could lose my rights if I do not file a charge in time.

Box 2   ☐   I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above.  I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name.  I also understand that the EEOC can only accept charged of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

Plaintiff here checked Box 2, indicating that she wanted to file a charge of discrimination and that she "authorize[d] the EEOC to look into the discrimination I described above."

It is reasonable to conclude that Plaintiff was not merely making an educational request about whether Plaintiff may have a potential claim; rather Plaintiff was providing this information so that the EEOC could take remedial action to protect her rights.  Because of the detailed nature of her Intake Questionnaire and addendum, it is reasonable for Plaintiff not to have explained all her allegations in the subsequent Charge, particularly when she checked Box 2 on the Intake Questionnaire, authorizing the EEOC to investigate her allegations.

Thus, Plaintiff's additional filings can be objectively construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and employee.  *See Holowecki*, 552 U.S. at 402.  This construction of Plaintiff's filing becomes more reasonable considering the Supreme Court's guideline to construe the filing in a way that protects the employee's rights.  "Documents filed by an

employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies."[3] *Id*. at 405. Therefore, even though Plaintiff subsequently filed an actual Charge that did not specify allegations of harassment or retaliation, the court finds that Plaintiff's March 2013 Intake Questionnaire and supplemental addendum could themselves be reasonably be construed as a Charge. Therefore, Plaintiff has properly exhausted her administrative remedies on her claims for Sexual Harassment and Retaliation.[4]

## CONCLUSION

Accordingly, for the foregoing reasons, Defendants' Motion to Dismiss Claims for Harassment and Retaliation [Docket No. 20] is hereby DENIED.

DATED this 2nd day of November, 2015.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[3] The court recognizes that the confusion over Plaintiff's claims have resulted in both parties losing benefits of the informal dispute resolution process.

[4] Defendants have not moved to dismiss Plaintiff's claim for gender discrimination.